**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

NICOLE K. and ROMAN S., by next friend Linda R.; ABIGAIL R., LILY R., and RACHEL H., by next friend Nancy B.; and ANNA C., BRIAN P., AMELIA P., ALEXA C., and ZACHARY H., by next friend Jessie R.; for themselves and those similarly situated,

Plaintiffs,

v.

MARION COUNTY, LAKE COUNTY, and SCOTT COUNTY, INDIANA

Defendants.

Case No.: 3:19-cv-00025-RLY-MPB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ALLOW MINOR PLAINTIFFS AND THEIR NEXT FRIENDS TO PROCEED UNDER PSEUDONYMS**

## I. INTRODUCTION

The named plaintiffs and their next friends should be permitted to proceed using pseudonyms in this litigation. The named plaintiffs in this action are children, ranging in age from 2 to 15, who have endured physical abuse, mental abuse, and/or neglect at the hands of their biological parents or other adults in their homes. The government has removed the children from their homes, placed them in foster care, and initiated Child in Need of Services (CHINS) proceedings to determine the children's fates. The children do not have attorneys representing them in the CHINS proceedings, and they challenge the constitutionality of Defendants' failure to provide them with counsel.

Courts have widely recognized the importance of anonymity for children in litigation, particularly where sensitive, personal information is at issue, as here. This litigation will reveal personal and sensitive information about each named plaintiff, including the physical and mental abuse they have endured, the resulting emotional problems, and details about living conditions,

including homelessness. To protect the named plaintiffs from the harms of attaching their identities to such personal and sensitive disclosures, the named plaintiffs should be permitted to proceed in this litigation using pseudonyms for all purposes. Likewise, if the true names of the next friends are revealed, the named plaintiffs' identities will be readily ascertainable and the same harms will attach, because the next friends are current or former foster parents of the named plaintiffs. The next friends may also face public ridicule, harassment, and/or retaliation for their role in this lawsuit against the government, if their true names are revealed.

Moreover, the public right to identify parties to litigation is greatly diminished where the litigation involves pure issues of law, as is the case here, where Plaintiffs challenge the constitutionality of an Indiana statute and assert due process and equal protection violations based on Defendants' failure to provide attorneys to children in CHINS and Termination of Parental Rights (TPR) proceedings. Finally, Defendants will suffer no prejudice if the named plaintiffs and their next friends are allowed to use pseudonyms in this case.

## II. LEGAL STANDARD

Although there is a presumption in favor of open proceedings in which all parties are identified, federal courts have discretion to allow a plaintiff to proceed under a pseudonym. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *Doe v. City of Indianapolis*, No. 12-cv-00062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, *6 (S.D. Ind. Feb. 27, 2012). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Does v. City of Indianapolis*, No. 1:06-cv-865-RLY-WTL, 2006 U.S. Dist. LEXIS 54877, at *1-2 (S.D. Ind. Aug. 7, 2006)). This Court has identified the following factors to consider in the analysis:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Trustees of Ind. Univ*., No. 1:12-cv-1593-JMS-DKL, 2013 U.S. Dist. LEXIS 93174, *10-11 (S.D. Ind. July 3, 2013) (quoting *Doe v. Indiana Black Expo, Inc*., 923 F. Supp. 137, 140 (S.D. Ind. 1996) and *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). Additional factors include "whether the interests of children are at stake and whether there are less drastic means of protecting legitimate interests" of either the party seeking anonymity or the opposing party. *Id.* at *11 (citing *Doe v. Indiana Black Expo*, 923 F. Supp. at 140). In sum, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff...exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d at 669 (citations omitted).[1]

## III. PLAINTIFFS SATISFY THE MULTI-FACTOR TEST ADOPTED BY THIS COURT AND SHOULD BE PERMITTED TO PROCEED USING PSEUDONYMS

Plaintiffs satisfy every relevant factor in the multi-factor test and should be permitted to proceed under pseudonyms, along with their next friends.

### A. Plaintiffs Satisfy the First Factor

Plaintiffs satisfy the first factor of this Court's test for proceeding anonymously, because this lawsuit concerns Plaintiffs' challenge to the Defendant county governments' failure to provide counsel to children in CHINS and TPR proceedings. Plaintiffs' challenge involves purely legal issues, namely, whether Defendants' failure to appoint counsel to children, and an associated Indiana statute, violates the Fourteenth Amendment of the U.S. Constitution. "Generally, where a plaintiff attacks governmental activity, such as a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *Doe v. City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686, *4. In such circumstances, "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and

---

[1] Protecting the disclosure of a minor's full name in federal court papers is provided by the Federal Rules of Civil Procedure, which specifies that "the name of an individual known to be a minor" may be replaced by the minor's initials. Fed. R. Civ. P. 5.2(a). Use of a minor's true initials may afford insufficient protection of a minor's identity, particularly where the next friend's true name is used and detailed personal and geographical information is provided in the complaint. The Federal Rules, by themselves, do not provide an express basis for proceeding using a pseudonym for a minor plaintiff or using a pseudonym for a next friend, and this motion is therefore needed pursuant to Local Rule 10-1.

there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Does v. City of Indianapolis*, 2006 U.S. Dist. LEXIS 54877, *5 (quoting *EW v. N.Y. Blood Ctr*., 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

Because Plaintiffs' case presents legal issues, not factual issues, and because this is a class action lawsuit, the public need to identify individual parties by name is greatly diminished. *See Doe v. City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686, *6 ("[T]he public's interest in disclosure is weakened because Plaintiff's case presents a pure issue of law and he represents a class."); *id.* ("Because Plaintiff is part of a class, his particular name is irrelevant."); *Does v. City of Indianapolis*, 2006 U.S. Dist. LEXIS 54877, at *7 ("[T]here is not a strong public interest in disclosing Plaintiffs' actual names. The issues before the court are purely legal in nature, and do not involve contested facts."); *id.* at *8 ("The public interest is not in being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved.").

### B. Plaintiffs Satisfy the Second and Fourth Factors[2]

Plaintiffs also satisfy the second and fourth factors of the test, because "information of the utmost intimacy" with respect to the named plaintiffs will be disclosed if plaintiffs' true names are publicly revealed. *Doe v. Trustees of Ind. Univ*., 2013 U.S. Dist. LEXIS 93174, *10-11 (quotations omitted). This litigation will reveal personal and sensitive information about each named plaintiff, including the physical and mental abuse they have endured, the resulting emotional problems, and details about living conditions, including homelessness. Indeed, paragraphs 24 through 48 of the Complaint provide intimate details about the abuse and neglect suffered by the named plaintiffs. The named plaintiffs' identities must be protected so that they are not linked with the sensitive, private information that is now publicly available. If named plaintiffs are publicly linked with such information, they could face embarrassment, humiliation,

[2] The third factor—whether the plaintiffs would be compelled to admit his or her intention to engage in illegal conduct—is not relevant to this case.

and ridicule, at the hands of their peers and others. Given the severe emotional issues that these children already endure, (*see, e.g.*, Complaint ¶¶ 33, 40), it would be an unfortunate and unnecessary outcome for them to face any public ridicule or pressure related to this lawsuit.

Likewise, if the true names of the next friends are revealed, the named plaintiffs' identities will be readily ascertainable, and the same harms will attach, because the next friends are current or former foster parents of the named plaintiffs. Next friend Linda R. is the current foster mother of Nicole K. and Roman S.; next friend Nancy B. is the current foster mother of Abigail R., Lily R., and Rachel H.; and next friend Jessie R. is the former foster mother of Anna C., Brian P., Amelia P., and Alexa C. and is also second cousin of those children and Zachary H. *See Doe v. Trustees of Ind. Univ*., 2013 U.S. Dist. LEXIS 93174, at *15 ("[I]n order to protect Plaintiff's anonymity, the identification of Plaintiff's parent...shall be sealed as well."); *Doe 3 v. Elmbrook Sch. Dist*., 658 F.3d 710, 724 (7th Cir. 2011) ("Identifying these adult plaintiffs also would expose the identities of their children."), *rev'd on reh'g on other grounds*, 687 F.3d 840 (7th Cir. 2012). The next friends themselves may face public ridicule, harassment, and/or retaliation for their role in this lawsuit against the government, if their true names are revealed.

**C. Plaintiffs Satisfy the Fifth Factor**

Plaintiffs also satisfy the fifth factor of this Court's test, because Defendants will in no way be prejudiced by named plaintiffs and their next friends proceeding under pseudonyms. Defendants will not be precluded from mounting a defense to the claims in this case, and procedural mechanisms may be effected, to the extent discovery related to the named plaintiffs is needed. *See Doe v. City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686, *5-6 ("Under factor five, Defendants are not prejudiced because Defendants will have access to Plaintiff's personal information during the course of the trial.").

**D. Plaintiffs Satisfy the Additional Factors**

Regarding the additional factors that this Court has considered—whether the interests of children are at stake and whether there are less drastic means of protecting legitimate interests—Plaintiffs again satisfy the requirements. *Doe v. Trustees of Ind. Univ*., 2013 U.S. Dist. LEXIS

93174, *11. The fact that the named plaintiffs are children is "significant" in determining whether to grant a motion to proceed under a pseudonym. *Doe 3 v. Elmbrook Sch. Dist.*, 658 F.3d at 724 (affirming grant of motion to permit plaintiffs, including minor plaintiffs, to proceed using pseudonyms to protect their anonymity); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."). Indeed, courts routinely allow minors and their next friends to proceed anonymously where privacy interests would be harmed by disclosure of their identities. *See, e.g.*, *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("The gravity of the danger posed by the threats of retaliation against the Does for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs."); *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (noting heightened protection of anonymity granted to young children); *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist*., No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007) (allowing for minor and guardian ad litem to proceed under pseudonyms in accordance with their "protectable privacy interests" pursuant to federal statute); *Coe v. Ziegler*, 657 F. Supp. 182, 183 (S.D. Ohio 1987) (allowing use of pseudonyms for plaintiff children and their next friends "to maintain the confidentiality of plaintiffs' Juvenile Court records."); *Doe v. Harlan Cnty. Sch. Dist*., 96 F. Supp. 2d 667, 670 (E.D. Ky. 2000) (allowing plaintiffs, two parents and their adolescent child to proceed anonymously when challenging a school district's activity relating to religious matters).

Moreover, there are no "less drastic means" for protecting the legitimate interests that the parties have in this case. *Doe v. Trustees of Ind. Univ*., 2013 U.S. Dist. LEXIS 93174, *11. As explained above, the named plaintiffs' interest in privacy cannot be protected if their true identities are used, and the use of pseudonyms for minor plaintiffs is a common, practical mechanism for protecting minors' identities in federal court, while still allowing the public to access all documents filed on the public docket and track the case's progress. And, as explained above, Defendants will have access to all pertinent information about the claims asserted against them and will not be precluded from mounting a defense to those claims. To the extent

discovery related to the named plaintiffs is needed, procedural mechanisms can be put into place, *e.g.*, redaction of discovery material filed on the public docket, to ensure that discovery is carried out without revealing the identities of the named plaintiffs or next friends to the public. All parties' interests are therefore adequately protected.

## IV. CONCLUSION

In sum, the true identities of named plaintiffs and their next friends "are of minimal value to the public," and the potential harm to the named plaintiffs greatly outweighs any benefit that the public or Defendants would receive if plaintiffs' true names were publicly disclosed. *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017) (applying the factors and granting motion to proceed under pseudonym).

For the foregoing reasons, Plaintiffs' motion should be granted.

Dated: February 6, 2019

By: /s/ *Kathleen A. DeLaney*___________

Kathleen A. DeLaney (#18604-49)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205
Telephone: 317.920.0400
Facsimile: 317.920.0404
KDelaney@delaneylaw.net

Mark C. Zebrowski (*pro hac vice anticipated)*
Stephen D. Keane (*pro hac vice anticipated)*
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125
MZebrowski@mofo.com
SKeane@mofo.com

Robert C. Fellmeth (*pro hac vice anticipated)*
CHILDREN'S ADVOCACY INSTITUTE
University of San Diego School of Law
5998 Alcala Park
San Diego, California 92110
Telephone: 619.260.4806
Facsimile: 619.260.4753
cpil@sandiego.edu

*Attorneys for Plaintiffs*